UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRTLE STREET FLATS LLC,<br>d/b/a Sunrise Properties,<br><br>          Plaintiff,<br><br>   v.<br><br>CITY OF VALLEJO, a public<br>entity, et al.,<br><br>          Defendants. | No. 2:17-cv-1662-JAM-KJN<br><br>**ORDER RE MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO DISMISS** |

Myrtle Street Flats LLC ("Plaintiff"), doing business as Sunrise Properties, owns multiple properties in downtown Vallejo. Plaintiff embarked on a project to transform those properties into live/work spaces following passage of a city ordinance permitting such use. Plaintiff now sues the City of Vallejo, Vincent Sproete, Jack McArthur, Daniel E. Keen, Lonell Butler, Robert Chambers, and Michelle Hightower (collectively "City Defendants"), as well as Emergency Construction Services ("ECS"), for constitutional violations and declaratory relief due to the Fire Department officials' decision to evacuate and red tag two of the properties and notice the other properties for evacuation.

1

Plaintiff seeks a preliminary injunction enjoining Vallejo from evacuating the noticed properties and permitting Plaintiff to operate all of the properties. For the reasons set forth below, Plaintiff's motion for preliminary injunction is DENIED in part and GRANTED in part. Additionally, the Court DISMISSES all the individuals Plaintiff sued in their official capacity.

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff alleges the following facts:

Vallejo passed a city ordinance allowing live/work occupancies in 2001 and Plaintiff worked with the city to determine what guidelines would apply to these unique occupancies. Compl. ¶¶ 16-17. Plaintiff began transforming units located at 616, 620, 624, 628, and 630 Marin St., and 405 and 409 Virginia St., (collectively "Subject Properties") into spaces for live/work use. Id. at ¶¶ 15, 19. In 2003, Plaintiff and Vallejo got into a dispute over the business licensing requirements for the units, which culminated in a letter, dated September 8, 2004, from then-Chief Building Official Leon McNeil, identifying three requirements for Plaintiff to meet for the units to "be occupied in compliance with the Vallejo Building Code." Id. at ¶¶ 21-22. On April 27, 2007, Vallejo issued final approvals for the permits governing the work performed pursuant to the McNeil letter, plus the re-roofing Vallejo had also indicated would be necessary. Id. at ¶¶ 26-27. Plaintiff completed additional work that Vallejo "demanded" in 2012 and received final approval from the City that year. Id. at ¶¶ 28-30.

During that period, Plaintiff also restored the Subject Property's historic façade and original design. Id. at ¶ 23. The Subject Property had previously been identified as a structure of individual importance, if restored, in the 2005 Downtown Specific Plan. Id. at ¶ 24. Plaintiff contends this work qualifies the building for protection under the California Historic Building Code. Id. at ¶ 31.

Plaintiff's recent troubles began with an unwelcome guest (Ms. Cote) who would not vacate the premises of 616 Marin despite efforts of the master lessee to evict her. Id. at ¶ 33. During this time, on March 23, 2017, fire inspector William Tweedy prepared a "Fire & Life Safety Inspection Report" identifying eight issues that required attention for 616 Marin, along with several issues with the other units. Id. at ¶ 36. The work was completed and Tweedy provided fire clearance to all seven units on April 7, 2017. Id. Contending that the Subject Property had undergone a change in use, Vallejo then issued a separate list of requirements based on the 2016 building and fire codes "in a letter [dated March 27, 2017] signed by Sproete and reflecting involvement of McArthur and Butler." Id. at 37. The letter set a June 1st compliance deadline. Id. at ¶ 38. Plaintiff believes these codes are inapplicable to the Subject Property. Id. at ¶ 37.

Vallejo evicted the 616 Marin tenant and guests on May 23, 2017, and red-tagged the unit, preventing Plaintiff from entering the premises and hiring Defendant ECS to board it up. Id. at ¶¶ 38-39. Apparently, on May 22, 2017, Ms. Cote set a small fire in the kitchen of this unit. Id. at ¶ 33. Her complaints led to

the May 23rd inspection that, in turn, led to the declaration that the unit was unsafe. Id. at ¶¶ 33-35. Plaintiff believes Vallejo officials, including Sproete, encouraged Ms. Cote to manufacture safety concerns. Id. The red-tagging and boarding up of 616 Marin caused damage to the doors and frames and the termination of services caused rotting food in refrigerators. Id. at ¶ 39. Vallejo continued to deny Plaintiff access to the property after being informed that the tenant had terminated his tenancy and the unit was vacant. Id.

On May 31, 2017, Vallejo also red-tagged and boarded up 624 Marin, without any notice to Plaintiff. Id. at ¶¶ 40-41. Although Plaintiff assured Vallejo the unit was vacant commercial space, Vallejo premised its actions on the fact that an individual was observed residing in the unit. Id. at ¶¶ 40-42. Plaintiff had not authorized anyone to reside in the unit, had shut off water service to the unit during its vacancy, had not charged or collected rent from any person during the vacancy, and had been close to entering a lease with a commercial tenant. Id. at ¶¶ 41-43.

The following month, Vallejo issued evacuation notices, signed by Sproete and McArthur, to the tenants at the five occupied live/work storefronts at 620, 628, and 630 Marin and 405 and 409 Virginia (collectively "Occupied Units"). Id. at ¶ 46. The notices rely upon 2016 code requirements that, Plaintiff believes, do not apply to the units and contain additional unsupported demands. Id. "The evacuation notices purport to authorize Vallejo to evict all tenants at the Subject Property and to seize it in its entirety with no notice or opportunity to

4

be heard[,] . . . and remain in effect to this day[.]" Id. at ¶¶ 47, 52. Vallejo allegedly has refused to respond to Plaintiff's questions, observations, and requests relating to these notices. Id. at ¶ 46.

On June 30, 2017, Vallejo issued administrative notices for all Subject Property units, other than 624 Marin, on behalf of Hightower, Sproete, and Butler. Id. at 48. The notices also cite to the 2016 code requirements as well as non-safety concerns. Id.

Plaintiff sent a letter to Vallejo on July 10, 2017, asserting violations of its rights and, on July 14, 2017, requested a hearing to challenge the building code violations cited in the notices. Id. at ¶ 49. Vallejo denied the hearing request and summarily denied Plaintiff's other assertions in (a) letter(s) dated July 18, 2017. Id. at ¶¶ 50–51. Although Vallejo purportedly authorized Plaintiff to possess and control 616 and 624 Marin, it has not authorized Plaintiff to use either space the way Plaintiff intends without costly alterations and payment of civil fines and charges, including ECS's fees. Id. at ¶ 53. On August 2, 2017, Vallejo and Sproete issued administrative citations against Plaintiff alleging the Occupied Units must have fire sprinklers, unspecified changes to egress, and unspecified changes to smoke alarms. Id. at ¶ 54.

Plaintiff filed its Complaint in this Court asserting five claims: (1) Unreasonable seizure under the Fourth and Fourteenth Amendments; (2) Violation of Due Process under the Fifth and Fourteenth Amendments; (3) Declaratory Relief; (4) Inverse Condemnation under the Fifth Amendment; and (5) Inverse

5

Condemnation under the California Constitution.  Plaintiff moved for a preliminary injunction, ECF Nos. 4 & 9, and City Defendants moved to dismiss, ECF No. 12.  The parties came before the Court for a hearing on the pending motions on November 7, 2017.  ECF No. 25.  The Court ruled on the motion to dismiss, but permitted Plaintiff to further brief the question of whether the individually named City Defendants sued in their official capacities should be dismissed from the lawsuit.  The Court also gave the parties an opportunity to resubmit proposed orders for the preliminary injunction.  The Court took the preliminary injunction motion under submission.

## II.  OPINION

### A.  Legal Standard

"To obtain a preliminary injunction, a party must show that 'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Friends of the Wild Swan v. Weber, 767 F.3d 936, 942 (9th Cir. 2014) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)). "If a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two Winter factors are satisfied." Id. (citations omitted).  "Serious questions" are ones "as to which the moving party has 'a fair chance of success on the merits.'" Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th

Cir. 1984) (citing Benda v. Grand Lodge of the Int'l Ass'n of Machinists, 584 F.2d 308, 315 (9th Cir. 1978)).

B. Judicial Notice and Evidentiary Objections

Both parties submitted exhibits and declarations for the Court's review. ECF Nos. 5-8, 19. City Defendants objected to the declarations of Alan Wofsy and George Leake. ECF No. 19-3. They contend Mr. Wofsy's declaration is argumentative and that many of his statements lack foundation. As the Court indicated at the hearing, portions of Mr. Wofsy's declaration are argumentative. But, rather than ruling on each individual objection, the Court has self-policed in reviewing and considering its contents. The Court did not find merit to the objection for lack of foundation because Mr. Wofsy has personal knowledge of the facts to which he attested. The Court approached Mr. Leake's declaration similarly. The Court's ruling on the motion does not rely upon any of the declarants' statements that are argumentative or lack foundation.

C. Analysis

This case presents unique legal and factual circumstances. Neither party directed the Court to a case with analogous facts and theories of relief. The merits analysis, thus, does not clearly favor either party. The Court's analysis, instead, turns on whether Plaintiff has shown irreparable harm is likely in the absence of a preliminary injunction with respect to the units.

1. 616 Marin and the Occupied Units

Plaintiff argues that a loss of interest in real property, even rental rights, constitutes an irreparable injury. Mot. at 22. City Defendants concede that deprivation of property

7

interests constitutes irreparable harm, but argue that the doctrine of unclean hands bars relief. Opp'n at 19. Plaintiff concedes that it has access to its properties and thus the only present deprivation to Plaintiff is rental income. See Mot. at 10-11. If City Defendants evict tenants from the Occupied Units, the same deprivation will result.

The Court finds Plaintiff's lost rental income does not constitute irreparable harm. "[E]conomic injury alone does not support a finding of irreparable harm[] because such injury can be remedied by a damage award." Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991). Lost rental income may be remedied through damages and, therefore, is not irreparable harm. See Gerber-Williams v. Aurora Loan Services, LLC, No. C11-5393BHS, 2011 WL 2357644, at *2 (W.D. Wash. June 13, 2011) (finding the loss of rental income is not irreparable harm); Park v. Wachovia Mortg., FSB, No. 10CV1547-WQH-RBB, 2010 WL 5088826 (S.D. Cal. Dec. 7, 2010) (same); Rhodes v. Wells Fargo Home Mortg., Inc., No. 09-CV-1042 W (CAB), 2009 WL 10672064 (S.D. Cal. June 3, 2009) (same). The Court cannot award preliminary relief on this basis.

Plaintiff also argues that City Defendants' conduct harms Plaintiff's business reputation as landlord of the Subject Properties. With respect to 616 Marin Street and the Occupied Units, Plaintiff only offers Mr. Wofsy's conclusory statements in support. See Wofsy Decl. ¶ 56. "Although evidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm, the moving party may not rely on unsupported and conclusory statements regarding harm the party

might suffer." iFreedom Direct Corp. v. McCormick, No. SACV 16-470-JLS (KESx), 2016 WL 9049647, at *5 (C.D. Cal. June 15, 2016) (quoting Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc, 736 F.3d 1239, 1250 (9th Cir. 2013)) (internal quotation marks omitted). The Court finds Plaintiff's evidence fails to establish that irreparable harm to its business reputation and goodwill is likely rather than speculative as to these units.

### 2. 624 Marin Street

In contrast, the Court finds the evidence sufficient to support an injunction with respect to 624 Marin.

First, Plaintiff has at least a fair chance of success on the merits on his claims regarding this unit. While the residential use Mr. Sproete observed during his inspection may have justified an emergency evacuation, City Defendants have failed to justify the continued deprivation and limitations on use of this property. See Wofsy Decl. ¶ 38, Exh. X (giving all units, including 624 Marin, fire clearance after the April 7, 2017, re-inspection). The property is a commercial unit and the additional requirements City Defendants have sought to impose on the unit pertain to residential units or units that have undergone a change in use. See Wofsy Decl. ¶¶ 44-50, Exh. Y (letter regarding all units, indicating that because the units are being used for residential purposes, they must meet 2016 code requirements); Sproete Decl. ¶¶ 9-10 (attesting that he noticed emergency summary abatement for 624 Marin and secured the property after observing individuals residing there), Exh. A (Fire & Life Safety Inspection Report listing 624 Marin as "Type of Business: B – vacant store"), Exh. C (Emergency Summary

Abatement notice for 624 Marin, noting a change in use due to residential occupancy and additional requirements). The evidence shows Plaintiff has a fair chance of success in prevailing on its claims with respect to 624 Marin Street. See Sierra On-Line, Inc., 739 F.2d at 1421.

Second, Plaintiff has shown that irreparable harm is likely. Plaintiff has already missed out on business opportunities, including signing a lease with a commercial tenant and securing a business license, due to City Defendants actions. See Wofsy Decl. ¶¶ 44-50. The restrictions on the unit continue to preclude such opportunities. Id. Although lost rental income is quantifiable in damages, harm to potential business relationships and lost business opportunities—in the present circumstances—are not. See Celsis In Vitro, Inc. v. CellzDirect, Inc., 664 F.3d 922 (Fed. Cir. 2012) (affirming district court's finding of irreparable harm based on price erosion, damage to ongoing customer relationships, loss of customer goodwill, and loss of business opportunities).

Finally, the balance of the equities and public interest favor issuing a preliminary injunction. The emergency situation abated when the City evicted the occupants from the premises. See Sproete Decl. ¶ 9; Wofsy Decl. ¶ 50. City Defendants have offered no other evidence that the unit is a residential space that should be subject to the same requirements as the other units or that the unit otherwise contains fire hazards. See Wofsy Decl. Exh. X (giving the unit fire clearance). As long as this situation persists, the property will remain a vacant space instead of housing a business that Vallejo residents can

frequent. Wofsy Decl. ¶ 49. Defendants have failed to show any justification for keeping the property in this state. The Court finds a preliminary injunction is warranted as to 624 Marin insofar as Plaintiff continues to use it only for commercial purposes.

D. <u>Motion to Dismiss</u>

At the November 7th hearing, the Court ruled on Defendants' (other than ECS) motion to dismiss. The Court affirms its ruling granting this motion with respect to the Occupied Units on Plaintiff's first, second, fourth, and fifth claims. It denies the motion with respect to 616 and 624 Marin on all claims (other than Plaintiff's Fifth Amendment due process claim which is dismissed because Defendants are not federal actors). The Court also denies the motion to dismiss with respect to the Occupied Units on the third claim for declaratory relief. The Court permitted Plaintiff to submit additional briefing on whether the individual defendants sued in their official capacity should be dismissed from the action. Plaintiff did not submit further briefing on the issue. ECF No. 28.

Official-capacity suits are treated as suits against the entity. <u>See</u> <u>Herrera v. City of Sacramento</u>, No. 2:13-cv-00456 JAM-AC, 2013 WL 3992497, at *3 (E.D. Cal. Aug. 2, 2013). "Therefore, if individuals are being sued in their official capacities as municipal officials and the municipal entity itself is also being sued, then the official capacity claims against the individuals are redundant and should be dismissed." <u>Id.</u> Accordingly, the claims against the City officials in their official capacities are dismissed with prejudice. This ruling

does not bar amendment, upon proper motion, to add any of these defendants in their individual capacities at a later date.

### III. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion for Preliminary Injunction in part:

During the pendency of this litigation, Defendant City of Vallejo is ORDERED AND ENJOINED to remove the Emergency Summary Abatement issued concerning 624 Marin on May 31, 2017, to restore utility service to 624 Marin, and to take no further action to enforce that Emergency Summary Abatement or otherwise to interfere with Sunrise's commercial use and enjoyment of that property based on that Emergency Summary Abatement or the grounds stated therein without further order of this Court.  This order does not prohibit the City of Vallejo from the ordinary enforcement of applicable law with respect to this property based on facts arising subsequent to the issuance of this order and consistent with the City of Vallejo's legal and constitutional obligations.

The remainder of Plaintiff's Motion is DENIED.

Defendants Motion to Dismiss is GRANTED in part and DENIED in part as set forth above. Individual Defendants Vincent Sproete, Jack McArthur, Daniel E. Keen, Lonell Butler, Robert Chambers, and Michelle Hightower are hereby DISMISSED from this action.

IT IS SO ORDERED.

Dated: November 27, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE