UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRTLE STREET FLATS LLC dba SUNRISE PROPERTIES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, et al.,<br><br>Defendants. | No. 2:17-cv-1662-JAM-KJN<br><br><br>ORDER |

On September 12, 2018, the court conducted a hearing with respect to plaintiff's motion to compel production of documents and supplemental responses to requests for production of documents, requests for admission, and interrogatories. (ECF No. 47.) At the hearing, attorneys Frank Busch and Daniel Veroff personally appeared on behalf of plaintiff; attorney Katelyn Knight personally appeared on behalf of defendant City of Vallejo; and attorney Jason Benkner appeared telephonically on behalf of defendant Emergency Construction Services, Inc. (ECF No. 58.)

////

////

////

After carefully considering the parties' joint statement regarding their discovery disagreement (ECF No. 49) and the parties' oral argument, and for the reasons stated on the record at the hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 47) is GRANTED IN PART and DENIED IN PART.
2. Defendant City of Vallejo shall promptly make further efforts to confirm with appropriate persons/custodians that all responsive text messages, voicemails, and call logs have been produced. Within 21 days of this order, the City of Vallejo shall either make a supplemental production of such items or provide plaintiff with a firm representation that no such responsive text messages, voicemails, or call logs exist.
3. Within 21 days of this order, defendant City of Vallejo shall provide plaintiff with a supplemental, itemized privilege log for all pre-litigation documents (i.e., documents that were generated prior to the initiation of this lawsuit) that were withheld based on the attorney-client privilege, work product doctrine, or any other privilege.
4. All of plaintiff's remaining requests are denied without prejudice, subject to further good faith meet-and-confer efforts by the parties as discussed in greater detail at the hearing. The parties are cautioned that failure to properly meet and confer[1] prior to bringing a discovery dispute before the court may result in the imposition of sanctions on the offending party or parties.[2]

////

---

[1] Although the parties are free to memorialize discussions in an e-mail or letter, the court expects the parties to meet and confer in voice-to-voice dialogue (preferably in person, but at a minimum telephonically) and in a sincere effort to streamline discovery and avoid unnecessary motion practice.

[2] Assuming that appropriate meet-and-confer efforts have been exhausted, the parties are also invited to use the court's mechanism for informal telephonic discovery conferences. The procedures and conditions for requesting and conducting such informal telephonic discovery conferences are outlined in Judge Newman's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5046/.

IT IS SO ORDERED.

Dated: September 14, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE